

**RELMAN COLFAX** PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
202.728.1888
www.relmanlaw.com

March 5, 2024

**FILED VIA ECF**
Christopher G. Conway
Clerk of Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

      Re:    *Jane Doe v. Mukwonago Area School District, et al.*, No. 23-2568 (argued February 15, 2024)

Dear Mr. Conway:

Pursuant to Fed. R. App. P. 28(j), Plaintiff-Appellee submits this letter to provide authority requested at oral argument that the word "party" in Fed. R. Civ. P. 65(a)(1) does not prevent a court from issuing a preliminary injunction before service of process.

In *H-D Michigan, LLC v. Hellenic Duty Free Shops, SA*, 694 F.3d 827 (7th Cir. 2012), the Court rejected the proposition that a temporary restraining order ("TRO") requires service of process by addressing preliminary injunctions and TROs alike and indicating that only notice is required for a preliminary injunction. *Id.* at 842. The Court stated, "There is a reason Rule 65 allows emergency injunctive relief before service of process," without distinguishing between preliminary injunctions and TROs. *Id.* The Court also addressed Rule 65(d)(2), which uses the word "parties" to specify who may be bound and likewise does not distinguish between preliminary injunctions and TROs. *See id.* The Fifth Circuit cited *H-D Michigan* when considering the same issue and stated that "Rule 65(a) does not require service of process." *Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co.*, 80 F.4th 536, 542-43 (5th Cir. 2023) (cleaned up). A district court cited *H-D Michigan* last week to the same end. *See Footprint Int'l, LLC v. Footprint Asia Ltd.*, 2024 WL 776604, at *2 (D. Ariz. Feb. 26, 2024).

In *SEC v. Quinn*, 997 F.2d 287 (7th Cir. 1993), this Court held that "entitlement to review" of a preliminary injunction issued pre-service was "forfeit[ed]" because not timely appealed. *Id.* at 291. The district court had held that "in the context of *preliminary* injunctive relief . . . *notice* to the enjoined party" is required, not "service of process." *SEC v. Kimmes*, 753 F. Supp. 695, 700-01 (N.D. Ill. 1990) (emphasis in original) (citing Rule 65(a)(1)). As discussed at oral argument, Appellant here did not argue in the District Court or its appellate briefs that Rule 65(a)(1)'s use of "party" presupposes service of process, thus forfeiting such argument. *See, e.g.*, *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021); *United States v. Payne*, 102 F.3d 289, 293 (7th Cir. 1996).



        Respectfully submitted,

/s/ Glenn Schlactus
Glenn Schlactus
Emily Curran
Nicholas Abbott
RELMAN COLFAX PLLC
1225 19th Street NW, Suite 600
Washington, DC 20036
Phone: (202) 728-1888
Fax: (202) 728-0848
gschlactus@relmanlaw.com
ecurran@relmanlaw.com
nabbott@relmanlaw.com

Victoria Davis
Robert (Rock) Theine Pledl
DAVIS & PLEDL S.C.
1661 N. Water Street, Suite 410
Milwaukee, WI 53202
Phone: (414) 667-0390
vldd@davisandpledl.com
rtp@davisandpledl.com

*Attorneys for Plaintiff-Appellee*

cc: (via ECF)

Mr. Joel S. Aziere, Attorney
Mr. Clifford Berlow, Attorney
Miss Corinne T. Duffy, Attorney
Mr. Mark Stephen Grube, Attorney
Ms. Elizabeth Wydra, Attorney